**Rhynatu JALLOH, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–4805–AG.

United States Court of Appeals, Second Circuit.

May 24, 2006.

Dean E. Wanderer, Fairfax, Virginia, for Petitioner.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Rhynatu Jalloh, through counsel, petitions for review of the BIA decision denying her motion to reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations state, "a motion to reopen ... shall not be made by or on behalf of a person who is subject to exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). The BIA does not abuse its discretion in denying an applicant's motion to reopen if she was in removal proceedings and departed the United States prior to filing the motion. *See Singh v. Gonzales*, 412 F.3d 1117, 1121 (9th Cir.2005). In this case, there is no dispute that Jalloh was placed in removal proceedings in 1999, departed the United States in January 2005, and filed the motion to reopen in February 2005. Accordingly, the BIA did not abuse its discretion in dismissing Jalloh's motion under 8 C.F.R. § 1003.2(d).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).